UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIC DEVAL LEWIS | CIVIL ACTION |
| VERSUS | NUMBER: 19-2423 |
| COLONEL MIKE TODD, ET AL. | SECTION: "F"(5) |

**REPORT AND RECOMMENDATION**

Pursuant to an order of reference from the presiding District Judge (rec. doc. 25), presently before the Court is Plaintiff's motion for leave to file an amended/supplemental complaint and the Defendants' opposition thereto. (Rec. docs. 22, 24). For the reasons that follow, it is recommended that Plaintiff's motion be denied.

Plaintiff, an inmate of the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana, originally filed the above-captioned civil rights action under 42 U.S.C. §1983 against nine Defendants. (Rec. doc. 1). In his complaint, Plaintiff complained of two separate but related incidents that occurred at RCC. The first incident involved his ordering of a media device called a JP-5 Player from an outside vendor on July 10, 2018 and his non-receipt of that item when it arrived at RCC on July 23, 2018 due to the fact that he was then in administrative segregation. (*Id.*). The second incident complained of by Plaintiff concerned the inventorying of his personal property prior to his transfer to administrative segregation on July 20, 2018 and the subsequent loss and/or destruction of that property on or about October 3, 2018. (*Id.*). After one of the named Defendants, Secretary James LeBlanc, moved for and was granted an extension of time to respond to Plaintiff's complaint (rec. docs. 9, 13), all of the nine Defendants filed a motion to dismiss under 28 U.S.C. §1915(e), 42 U.S.C. §1997e(c)(1), and Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. (Rec. doc.

15).  Plaintiff filed no memorandum in opposition to Defendants' motion and on September 26, 2019, over three weeks after the submission date on the motion, the Court issued a Report and Recommendation recommending that the motion be granted and that Plaintiff's suit be dismissed.  (Rec. doc. 16).  In doing so, the Court recommended that Plaintiff's §1983 claims against the Defendants in their official capacity be dismissed without prejudice for lack of jurisdiction based upon Eleventh Amendment immunity and the teachings of *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989).  (*Id.* at pp. 4-5).  The Court also recommended that Plaintiff's §1983 claims against the Defendants in their individual capacity be dismissed with prejudice based upon well-established legal precedent.  (*Id.* at pp. 6-9).  Under Rule 72(b)(2) of the Federal Rules of Civil Procedure, Plaintiff had 14 days, or until October 10, 2019, within which to timely file objections to the Court's Report and Recommendation.  Despite effectively being afforded an additional 13 days within which to file any such objections, when Plaintiff had not done so by October 23, 2019, the District Judge entered an order adopting the Report and Recommendation as his opinion and dismissing Plaintiff's complaint as was recommended.  (Rec. doc. 19).[1/]  Judgment to that effect was entered just minutes later.  (Rec. doc. 20).

On the very same day that the aforementioned order and judgment were entered in this case, the Clerk's Office received from Plaintiff an objection to the Court's Report and Recommendation.  (Rec. doc. 21).  In that filing, Plaintiff first suggested that he had never been served with a copy of Defendants' motion to dismiss and that his First Amendment right to access to the courts had thus been violated by the Defendants.  (*Id.*).  He also offered some

---

[1/] In the interim, Plaintiff had filed a motion for a default judgment against the named Defendants.  (Rec. doc. 17).  A Deputy Clerk denied that motion on October 7, 2019 in light of the motion to dismiss that was previously filed by the Defendants.  (Rec. doc. 18).

2

argument on the applicability of the Eleventh Amendment to his claims against the Defendants in their official capacity as well as touching upon the legal standards governing Rule 12(b)(6). (*Id.*). The following day, the Clerk's office received from Plaintiff the instant motion for leave to amend/supplement his complaint. (Rec. doc. 22).[2] Citing Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff seeks to withdraw his §1983 claims regarding the second incident set forth in his original complaint and to replace them with "… new facts under discrimination, retaliation, and unequal protection, [and] adding three new defendants under that claim." (*Id.* at p. 1).[3] The proposed amended complaint that Plaintiff appends to his motion concerns claims surrounding a variety of incidents that allegedly occurred at RCC between January and October of 2019 that are qualitatively different from the two incidents that he complained of in his original complaint, and against several new Defendants, including the alleged violation of the Prison Rape Elimination Act ("PREA"). (Rec. doc. 22-1). Defendants oppose Plaintiff's attempt to amend. (Rec. doc. 24).

Regardless whether the Defendants had filed and served their motion to dismiss, the Court would have issued the same Report and Recommendation as part of its screening obligations under 28 U.S.C. §1915A. Plaintiff admits that he received that Report and Recommendation but failed to timely file objections thereto within 14 days of its issuance as required by Rule 72(b)(2). Even if the untimely objections that he did submit are found to have been deposited in the prison's mail system before the order and judgment were entered

---

[2] Plaintiff signed his objections and the motion to amend on the same date and both were mailed on the same date. (Rec. docs. 21, pp. 3, 5; 22, pp. 2, 3; 22-1, p. 4).

[3] At the conclusion of his motion, Plaintiff admits to receiving the Court's Report and Recommendation on October 4, 2019. (Rec. doc. 22, p. 2). He offers no explanation as to why he could not timely file objections to the Report and Recommendation or file such objections at any time prior to the order and judgment that were issued on October 23, 2019.

in this matter, those objections do not speak at all to the applicability of *Will*, *supra*, to his §1983 claims against the Defendants in their official capacity or to the numerous other authorities that were cited supporting the dismissal of his claims against the Defendants in their individual capacity.  Similarly, if one were to view Plaintiff's motion to amend as having been deposited in the prison mail system and thus technically "filed" before the entry of the order and judgment in this matter, because Plaintiff has formally moved for leave to amend his complaint, the Court is empowered to determine its merit *vel non*.  *McKinney v. Irving Independent School District*, 309 F.3d 308, 315 (5th Cir. 2002).

Irrespective of the procedural posture of this case, because the events that Plaintiff complains of in his motion and proposed amended complaint are of a much more recent vintage and involve a number of new and different claims and Defendants, the motion to amend may properly be denied.  *Parker v. Gusman*, No. 11-CV-0638, 2012 WL 7338060 at *2 (E.D. La. Nov. 16, 2012), *adopted*, 2013 WL 695007 (E.D. La. Feb. 26, 2013)(and cases cited therein); *Verrette v. Webre*, No. 08-CV-4240, 2009 WL 591070 (E.D. La. Mar. 5, 2009). "Requiring parties to assert unrelated claims against different defendants in separate complaints avoids unduly cumbersome litigation, and in the context of prisoner litigation, ensures that prisoners pay the required filing fees under the Prison Litigation Reform Act." *Cox v. LeBlanc*, No. 10-CV-0101, 2010 WL 5525076 at *3 (E.D. La. Dec. 9, 2010), *adopted*, 2011 WL 39868 (E.D. La. Jan. 3, 2011)(citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). Otherwise, "[a]llowing [a] Plaintiff to continue to add claims and parties as they arise will only delay the disposition of the numerous claims and parties currently before the court." *Banks v. Federal Bureau of Prisons*, No. 09-CV-0147, 2010 WL 606321 at *2 (S.D. Miss. Feb. 17, 2010).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's motion to file an amended/supplemental complaint be denied.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[4]

New Orleans, Louisiana, this 19th day of November, 2019.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[4] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.